Your Honor, the authorization to impose a term of supervised release is established in 3583B as three years for this particular offense. That three years is followed by a period. That's the end of that section. The only exception is, quote, as otherwise provided. Otherwise provided means to vary the three years of supervised release. There must be something specific, a provision that is otherwise provided. Which would vary the three years of supervised release. Under the interpretation of Judge Bolton, the three years renews every single time that somebody is revoked. So 3283H, I was trying to put out this calculation as a simple formula. It says you start with the authorized term of supervised release for the original 1326 offense, which in this case was three years, because it was a Class C felony. And you subtract the term of imprisonment for the supervised release violation, which in this case was nine months. And doing, I'm a little number challenged, but even I could do that. That equals 27 months. So I couldn't see how Judge Bolton had made a mistake in the simple math that's laid out in 3283H. Because 3233H is intended to put a limit on the supervised release, which may. But I just did the math that was laid out in that statutory section. You know, just the plain language of the statute there. But the statute does not say on each revocation. And that was the 2003 amendment, which Congress amended. What does it say? Let me find that. Well, it talks about the length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense. That was three years. But it does not say whether those three years are cumulative or whether on each revocation. That's the ambiguity in that. So what words do you want to continue on in that same paragraph? It says the length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release. Then less any term of imprisonment. Correct. Very specific about that. That was imposed upon. Why then would you include time not in prison? Because there's no specific provision for forfeiture of the good time that he served, which in this case is almost two years. So how would you have us read? I'm looking now at the language of that statute. What is it that you want us to read? How do you want us to read that statute? So read the statute as if the language you want is in there. Well, in 2003, Congress considered that section as well as Section E of the foregoing section. And they added the phrase, on any such revocation, so that on any such revocation, a violator can be imprisoned up to two years. That same phrase, on any such revocation, was not added to subsection H, which we're talking about, which specifically is addressed to supervised release following revocation. What happens after he gets out of prison the second time? I would, if Congress wished it to be, on each and every revocation, they would have so said, as they said in Section E3. So we should read this as saying, I'm still not clear on how you want us to read this language, so the second sentence of H. Do you have that in front of you? Yes, sure. What Congress would have done if they had intended that result is to add the term, on any such revocation, just as they did in E3. At the end of this? Stick it in anywhere, just so it's there, so that there's an otherwise provision. There's no provision for it. That's the point we're making. And I also point out that there is precedence supporting my point of view in the Knight case, which was decided in 2009, which says, absent explicit statutory authority which Congress has not yet provided, we do not presume that Congress intended to subject a defendant to continuous and indefinite supervision, which is exactly That's why you have the limit of the supervised release term minus any time of imprisonment, to avoid having indefinite supervised release periods, right? But if he's revoked and the judge gives him one day of prison time, then? So opposing counsel cites Cade, I think in a 28J letter. Yes. I offer the proposition, if a defendant repeatedly violates the conditions of supervised release, the court may reasonably impose new terms of supervised release without credit for time served on supervised release. Citing 3583E3 and H. And so the note I have here is the statutory language hasn't changed, even though it was decided before the 2003 amendment. So are we bound by Cade or would we ignore Cade? Cade is the government's best case. Unfortunately, we both missed it in our briefs, opening and answering, unfortunately. But do you have a case that counters Cade? Knight. It says there must be specific authority to continue supervision after the second release on a continuous and indefinite basis, which it's very close to it if the judge can give him one day in prison and then impose three more years of supervised release, less than one day. Let me ask you about Knight, if I may. As I read Knight, it holds only that a court must reduce the maximum possible term of supervised release based on the aggregate length of revocation terms of imprisonment, it says, and cannot impose a term in excess of this amount. Knight specifically refers to imprisonment. Isn't that correct? That's the specific holding, yes, ma'am. However, the language of Knight is, as I just said, that if there is to be this elongated supervision, that Congress must say so indefinitely, must say so specifically, positively. And they did not add the on each revocation when they amended this subject matter in 2003. So the government also argues that this whole argument is waived because it should have been raised in the first appeal. I guess that was after the May 18, 2009, imposition of the nine months imprisonment, the sentence, 27 months of supervised release. There was an appeal, and we affirmed. And they argue you've waived it by not raising it in the first appeal. What's your response to that? My response is that jurisdiction is never waived, that if there's no jurisdiction, it can be raised at any point in time. It doesn't have to be raised on the directive. Is that a jurisdictional issue? Authorization to impose supervised release means jurisdiction to impose supervised release. If a judge is not authorized to do something, she doesn't have the jurisdiction to do it. I don't know that that's true. Authority and jurisdiction are really two different things. Jurisdiction means that you can't the court can't even proceed. The court has no authority to even decide the matter. I don't know. Do you have a case that says if a court has no authority to impose a particular punishment, that the court has no jurisdiction over that matter? Well, we didn't find any specific case for or against. That would be a startling proposition. Well, what if the judge imposed 30 years of supervised release? Would that be a lack of jurisdiction or just error? It would be error. It would be error? Yeah. But she's unauthorized to do it. Well, I'd like to just briefly address my second argument, that reading the record, we submit that there's no question of what Judge Bolton did is apply the punishment standards in imposing a sentence for violation of the supervised release. There are different statutes which govern imposing sentences for the new offense, which is 3553A, and a separate statute, the same one, 3583, or a different one for imposing a sentence for violation of supervised release. The most notable exception in supervised release is the absence of punishment. And I could not write a stronger record if I just made it up. It's very clear what Judge Bolton did. She intended to punish this guy. She was mad at him. She didn't want to see him again. What do I have to do to deter you from coming back? And so she imposed a punishment and the record speech for itself. And I would like to reserve just one minute for rebuttal. Surely. We'll hear from the State, the government, I should say. May it please the Court. My name is John Boyle. I represent the United States. Good morning. You asked a question about whether or not Cate is still good law for this Court, and I believe it is because in the Knight case, which is after the 2003 amendment, they note that the statute 3583H hasn't changed except for the deletion of a section of that statute, which has no real bearing on this question. So if you look at Knight, it says that 3583H is basically unchanged since 1994, and you can see that just by looking at the statute itself. So the underlying authority of Cate is still good law, and it buttresses the plain reading of the statute, which this Court has already gone through, which is on a revocation of supervised release, you subtract out any imprisonment, and that's just the plain language of the statute, and then you're left with the remainder, which is supervised release. In this case, it was 27 months because Judge Bolden had imposed nine months of imprisonment. Is there any reason why you didn't cite Cate in your original briefing? We missed it, plain and simple. I think it is controlling. They discuss it at length over several pages. It should have been in the briefs, and it wasn't, but because it is right on point, it was important for us to get it to the Court. But to answer your question, we missed it. We should have put it in there. Would you comment on the argument that it was punishment, whatever supports your claim that the district court imposed a six-months revocation for his breach of trust, as the Court said, rather than to punish him for a new felony? Well, if I could just go through the analysis I think this Court will use. You start with the stepping stone of or with the framework of reasonableness. Was this a reasonable sentence? And then you look at plain error of view because the defendant did not object below. Going to your question of whether or not this Court was punishing the defendant or was following the statute, I'd just like to go through the transcript, because I think it's clear that Judge Bolden did what she should have done in this case. If you look at it, it's on page 11 of the transcript, which is in the ER at page 72. She starts with 3553A1, nature and circumstances of the offense. Well, that's a permissible statute under 3583E. So she is allowed to consider nature and circumstances of the offense, and she did that. That's how she started out. Then she moves to deterrence, which is also permissible. The government disagrees with the appellant's opening brief that says deterrence is not allowed. The statute specifically says that 3553A2B, which outlines deterrence, is a permissible factor under supervised release revocations. Then Judge Bolden talks of the criminal history category. He's a criminal history category 5. Then she goes back to deterrence, which is allowable, and she ends with subsection A2C, which is protection of the public. Again, an allowable reason for revoking someone's supervised release. Then we get to, Judge Nelson, your questions of whether or not this was punishment. And I start with the proposition that this Court has reaffirmed over and over, and it was mentioned in United States v. Soto Olivas, which is at page 17 of the government's brief. And they say that supervised release revocation is a punishment for the original offense. So a court can actually use the term punishment in imposing supervised release revocation. What's important for the Court to do is to determine what were the underlying bases for the revocation itself. And in this case, Judge Bolden named three of them, and they're all permissible. So just by using the term punishment, there's no error, and there's certainly no plain error in this case. And if I could conclude with one final point, which is prejudice, under plain error review, were substantial rights affected. The second revocation was six months of imprisonment. And I just note for the Court that the first revocation was nine months. So the second time through, this defendant received a lower sentence of supervised release. And the judge had a range of 6 to 12 months under the advisory range and a maximum of 24 months. So this sentence of 6 months at the low end of the range did not prejudice the defendant, and it certainly didn't affect the fairness of the preceding itself. No other questions. Thank you. Thank you, Counsel. Rebuttal. Your Honor, we do not read soto alibis in 1995 as saying that punishment can never be imposed in a supervised release violation. If so, judges could punish anybody as much as they wished in contravention of the statute's governing the revocation of supervised release. We submit that even though it is a breach of trust, as the government says, the judge's intent here was to punish the guy for breaching his trust. That's still imposing a punishment for whatever he did, which in this case was a criminal offense because he reentered a second time. We point out that she considered the original 1326 three-and-a-half years plus 9 months for a total of 53 months, and then she considerably increased that up to 80, I think it was 83 months, whatever it is, but it was a substantial increase for only his second prosecution. So we submit that what the government got was exactly what it asked for. It asked for the judge to impose punishment. She uses the word punishment three times. She talks about the just punishment. It could result in punishment. The Court believes that additional punishment for that violation is appropriate. I don't know how much stronger a record you could have. All right. Thank you, counsel. Thank you to both counsel. The case, as argued, is submitted for decision by the Court. Next case on Calibre.
judges: Nelson, Rawlinson, Ikuta